IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

FILED
JUL 2 3 2012
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, HELENA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 10-81-GF-SEH |
| Plaintiff/Respondent, | |
| vs. | ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| LESLIE REDHEAD, | |
| Defendant/Movant. | |

On March 12, 2012, Defendant/Movant Leslie Redhead ("Redhead"), a federal prisoner proceeding pro se, moved to vacate, set aside, or correct her sentence, pursuant to 28 U.S.C. § 2255. Redhead also filed a memorandum in support of the motion.

On May 14, 2012, Redhead was ordered to clarify her allegations in certain respects. She responded on May 29, 2012.

On June 4, 2012, pursuant to 28 U.S.C. § 753(f) and Rules 4(b) and 5(c) of the Rules Governing § 2255 Proceedings, the United States was ordered to file the transcripts of Redhead's change of plea and sentencing hearings. The transcripts were filed on June 8, 2012.

ORDER / PAGE 1

## I. Preliminary Screening

The motion is subject to preliminary review to determine whether it "and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

A movant "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court,* 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolaus*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases); *see also Hill v. United States,* 368 U.S. 424, 427 (1962) (§ 2255 is "exactly commensurate" with § 2254). "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243.

## II. Analysis

On February 10, 2010, Redhead was driving a vehicle and arguing with her two passengers, Andrew John Calfrobe and another person. After Redhead stopped, Calfrobe got out, and Redhead hit him with her vehicle. Change of Plea Tr. (doc. 32) at 28:11-31:20.

Redhead was charged with assault resulting in serious bodily injury, a violation

of 18 U.S.C. § 113(a)(6). Jurisdiction was predicated on the Major Crimes Act, 18 U.S.C. § 1153. Indictment (doc. 1) at 1-2. On September 30, 2010, she pled guilty. Minutes (doc. 18). She was sentenced to serve 51 months in prison, to be followed by three years' supervised release. Judgment (doc. 23) at 2-3.

Redhead claims that her trial counsel, Assistant Federal Defender Evangelo Arvanetes, was ineffective in several respects. *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims alleging ineffective assistance of counsel. First, Redhead must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-88. Second, she must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

Redhead contends, first, that Arvanetes did not give her "options as to a trial," "scared" her "into believing they were going to 'throw the book at [her]' and give [her] the maximum time allowed if [she] went to trial," and did not advise her of "any other options" such as "treatment for [her] drug problem" or options with regard to her "mental stability." Am. Mot. § 2255 (doc. 29) at 3-4. But Redhead plainly knew

ORDER / PAGE 3

she could go to trial. Change of Plea Tr. at 6:7-14, 15:6-10, 20:6-12. It is highly likely that she would have received a longer sentence had she been convicted at trial. U.S.S.G. § 3D1.1; Presentence Report ¶¶ 32-33. There is no reason to believe she might have been acquitted. Offer of Proof (doc. 17) at 2, 3-4; Change of Plea Tr. at 31:25-32:17. Drug or mental health treatment were not options to the sentence that was imposed. Presentence Report ¶¶ 85-97 (sentencing options). To the extent Redhead might have had options within the federal prison system, Arvanetes knew about them and pursued them. Sentencing Tr. (doc. 33) at 6:17-7:23. The facts Redhead alleges show neither deficient performance nor prejudice. This claim is denied.

Second, Redhead contends that Arvanetes did not explain that she could "counter offer or disagree with the terms of any plea agreement," "could challenge any witness statements, officer statements or parts alone of a plea agreement." Am. Mot. § 2255 at 5. She also claims she was "not aware that I could reject the appeal part" of the plea agreement and was given no option but to accept "the thing as a whole." *Id.* at 7. A plea agreement does not come in "parts." It generally is a "thing as a whole." There may, of course, be some negotiation between the parties, but a defendant has no means to compel the United States to accept her terms, whatever they might be. Again, the facts Redhead alleges show neither deficient performance

nor prejudice. This claim is denied.

Third, Redhead alleges that Arvanetes did not object at sentencing to statements of the witnesses "that were sensitive in nature or personal" and prejudicial to her. *Id.* at 5. She does not identify any such statements, but a review of the transcript indicates no support for any legal objection. Sentencing hearings always involve statements and information of a sensitive and personal nature. Sentences are supposed to be based on such things. 18 U.S.C. § 3553(a); Sentencing Tr. at 21:3-23:6. This claim is denied.

Fourth, Redhead asserts that she had a pre-existing drug problem and "mental issues" that may have played a role in causing the crime. Am. Mot. § 2255 at 6. Both her pre-existing drug problem and her mental health issues were known at the time she pled guilty, Change of Plea Tr. at 8:9-10:16, and were described in detail in the Presentence Report, ¶¶ 64-72. Drug addiction, depression, anxiety, and anger management issues generally will not rise to the level of a "severe mental disease or defect" rendering a defendant "unable to appreciate the nature and quality or the wrongfulness of [her] acts." 18 U.S.C. § 17(a). Nothing in Redhead's motion and nothing in the record of the case suggests that her experience with these issues was extraordinary. As for mitigation of the sentence, the Court took into account the fact that Redhead's "motivation" was anger and rage. *E.g.*, Sentencing Tr. at 21:9-12.

That is an issue of volitional control, not perceptual impairment. *United States v. Denny-Shaffer*, 2 F.3d 999, 1016 (10th Cir. 1993). Again, the facts Redhead alleges show neither deficient performance nor prejudice. This claim is denied.

Finally, Redhead alleges that she was "denied effective assistance of counsel in the direct appeal process." Am. Mot. § 2255 at 7. Redhead's original motion alleged that counsel failed to appeal although she asked him to do so. Mot. § 2255 (doc. 26) at 10; *see also id.* at 21-22, 23.[1] On May 14, 2012, she was ordered to clarify that allegation by "specifically stat[ing] what she said to counsel and what counsel said to her on this topic." Order to Movant to Clarify (doc. 28) at 2. Her amended motion alleges only that she waived her right to appeal in the plea agreement. Am. Mot. § 2255 at 7. This claim, therefore, is denied for the reasons set forth above.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes

---

[1] In all other respects, the original motion failed to allege anything more than "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and brackets omitted). By contrast, Redhead's amended motion alleges facts relevant to her case.

"a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of Redhead's claims shows any constitutional violation. Her case was a very straightforward one. She deliberately ran over a man with a car. She appears to believe that counsel was ineffective because he failed to exercise control over the plea bargaining process, but there is no reason to believe he had any control over the process. If the United States had the evidence to convict her of assault resulting in serious bodily injury – as she said it did, and as it demonstrated, at the change of plea hearing – it could set the terms of plea agreement. Redhead's drug and mental health issues, which were known and described in detail in the Presentence Report, do not support an inference that there was any realistic possibility of a mental-state defense to the charge or in mitigation of the sentence. Nothing objectionable was presented at sentencing, and sentences are supposed to be based on information of a sensitive and personal nature. Finally, Redhead was given an opportunity to clarify her allegation regarding counsel's failure to appeal. In response, she stated that she

waived her right to appeal in the plea agreement and suggested that the waiver was one of the terms of the agreement she would have liked to reject. But she certainly does not claim she was ignorant of the waiver, only that she would have preferred a different arrangement.

None of the facts Redhead alleges support an inference either than counsel was deficient or that she was prejudiced as a result. There is no reason to encourage further proceedings. A COA is denied.

**ORDERED**:

1. Redhead's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (docs. 25, 29) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Redhead files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 12-21-GF-SEH are terminated and shall close the civil file by entering judgment in favor of the United States and against Redhead.

DATED this 23rd day of July, 2012.

Sam E. Haddon
United States District Court