IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 10-81-GF-BMM-04 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| LESLIE REDHEAD, | |
| Defendant. | |

## I. Synopsis

The United States accused Ms. Redhead of violating her conditions of supervised release by (1) using cocaine, and (2) failing to report for substance abuse treatment. She admitted to the violations. Ms. Redhead's supervised release should be revoked. She should be sentenced to three months of custody, with ten months of supervised release to follow.

1

## II.  Status

United States District Judge Sam Haddon sentenced Ms. Redhead to fifty-one months of custody, with thirty-six months of supervised release to follow, on January 20, 2011, after she pleaded guilty to Assault Resulting in Serious Bodily Injury.  (Doc. 23.)  She began her current term of supervised release on June 18, 2014.

The United States Probation Office filed a Report on Offender Under Supervision on July 18, 2016, informing the Court that Ms. Redhead tested positive for methamphetamine. (Doc. 36.) United States District Judge Brian Morris allowed her to continue her supervised release.

The Probation Office filed a second Report on Offender Under Supervision on November 30, 2016, informing the Court that Ms. Redhead had again tested positive for methamphetamine. (Doc. 37.) Judge Morris allowed her to continue her supervised release and ordered her to enter the Crystal Creek Treatment Center.

The Probation Office filed a Petition for a Warrant on Offender Under Supervision on January 5, 2017, because Ms. Redhead failed to report to the Crystal Creek Treatment Center. (Doc. 38.) Judge Morris issued a warrant for her arrest based on the information in the petition. (Doc. 39.) She reported to Crystal Creek on January 11, 2017, and Judge Morris quashed the warrant. (Doc. 40.)

**Petition**

The Probation Office filed a Petition for a Warrant for Offender Under Supervision on March 1, 2017, asking the Court to revoke Ms. Redhead's supervised release because she violated the conditions of her supervised release by (1) using cocaine, and (2) failing to report for substance abuse treatment. (Doc. 42.) Judge Morris issued a warrant for her arrest based on the information in the petition. (Doc. 43.)

**Initial appearance**

Ms. Redhead appeared before the undersigned in Great Falls, Montana, for an initial appearance on March 16, 2017.  Federal Defender Evangelo Arvanetes accompanied her at the initial appearance.  Assistant United States Attorney Jared Cobell represented the United States.

Ms. Redhead said she had read the petition and understood the allegations. She waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Ms. Redhead admitted that she violated the conditions of her supervised release.  The violations are serious and warrant revocation of her supervised release.

Ms. Redhead's violation grade is Grade C, her criminal history category is I, and her underlying offense is a Class C felony. She could be incarcerated for up to twenty-four months. She could be ordered to remain on supervised release for thirty-six months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Arvanetes recommended a sentence at the low-end of the guideline range. Mr. Cobell recommended a guideline sentence and moved to dismiss the January 5, 2017 petition. The Court granted the motion. Ms. Redhead addressed the Court and stated that she fell in with the wrong crowd.

### III.  Analysis

Ms. Redhead's supervised release should be revoked because she admitted violating its conditions. She should be sentenced to three months in custody, with twelve months of supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV.  Conclusion

Ms. Redhead was advised that the above sentence would be recommended to Judge Morris. The Court reminded her of her right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained

that Judge Morris would consider her objection, if it is filed within the allotted time, before making a final determination on whether to her supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

>Leslie Redhead violated her conditions of supervised release by (1) using cocaine, and (2) failing to report for substance abuse treatment.

The Court **RECOMMENDS:**

>The District Court should enter the attached Judgment, revoking Leslie Redhead's supervised release and sentencing her to three months in custody, with twelve months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written

objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 24th day of March 2017.

_____
John Johnston
United States Magistrate Judge